IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CRAIG DON MUELLER, <br> #50554-177, <br> MOVANT, <br> <br> v. <br> <br> UNITED STATES OF AMERICA, <br> RESPONDENT. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CASE NO. 3:17-CV-02408-B-BK <br> (CRIMINAL NO. 3:14-CR-00367-B-68) |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, the motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for findings and a recommended disposition. As detailed herein, the motion should be **DENIED**.

### I.     BACKGROUND

Movant Craig Don Mueller pled guilty to possessing a controlled substance with intent to distribute and was sentenced to 150 months' imprisonment and a three-year term of supervised release. Crim. Doc. 2499. He did not appeal, but subsequently filed the instant *pro se* Section 2255 motion on September 8, 2017. Doc. 1. Mueller asserts that trial counsel rendered ineffective assistance by failing to contest the imposition of a two-level drug-importation guideline enhancement under the U.S.S.G. § 2D1.1(b)(5). Doc. 1 at 7-8. The Government filed a response in opposition, claiming the Section 2255 was untimely and that, in any event, it failed on the merits. Doc. 9. Mueller has filed a reply. Doc. 10. Because Mueller has failed to demonstrate that counsel was ineffective, his Section 2255 motion fails on the merits.

## II.     ANALYSIS

To establish ineffective assistance of counsel, a movant must demonstrate counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-688 (1984). Failure to establish either deficient performance or prejudice defeats the claim. *Id*. at 697.

To prove the deficient performance prong of the *Strickland* test, movant must show that counsel made errors so serious that he or she was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. The proper measure of attorney performance is reasonableness under prevailing professional norms. *Id*. at 688. "Judicial scrutiny of counsel's performance must be highly deferential." *Id*. at 689. There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. *Id*.

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. In the context of ineffective assistance of counsel at sentencing, movant must demonstrate that his sentence was increased by the deficient performance of defense counsel. *Glover v. United States*, 531 U.S. 198, 200, 203-04 (2001).

Mueller argues that the Government failed to prove "that the drugs involved in his offense had been imported." Doc. 10 at 3. He avers that the Presentence Report (PSR) reflected "the suppliers were from Mexico," not "that the drugs involved in the instant offense were imported from Mexico." *Id.* Mueller also contends "that he was in jail during the dates [September and October 2015] the cooperating individual stated [Mueller] sold methamphetamine to him." Doc. 10 at 4 (citing PSR ¶25).

Mueller's arguments are unavailing. The Sentencing Guidelines provide for a two-level enhancement when the offense of conviction "involved the importation of amphetamine or methamphetamine." U.S.S.G. § 2D1.1(b)(5) (Nov. 2015). The mere fact that the methamphetamine was imported is sufficient to warrant the enhancement. *See United States v. Foulks*, 747 F.3d 914, 915 (5th Cir. Cir. 2014) ("distribution (or possession with intent to distribute) of imported methamphetamine, even without more, may subject a defendant to the § 2D1.1(b)(5) enhancement") (cited cases omitted). Importantly, the enhancement applies "even if the defendant did not know that the methamphetamine was imported." *United States v. Serfass*, 684 F.3d 548, 553 (5th Cir. 2012).

Contrary to Mueller's argument, the PSR contained sufficient evidence from which it could be reasonably inferred that the methamphetamine he possessed had been imported from Mexico. Based on the investigation and evidence received from various reliable confidential sources, the PSR concluded that "the methamphetamine was being supplied to the [drug trafficking organization] by sources in Mexico." Crim. Doc. 2313-1 at 9, PSR ¶ 14. As to the instant offense, the PSR states the "investigators learned the methamphetamine . . . originated from Mexican cartel sources." Crim. Doc. 2313-1 at 10, PSR ¶ 21. The PSR specifically found that the methamphetamine "was supplied by Mexican sources and imported from Mexico" for the September and October 2015 sales attributed to Mueller. Crim. Doc. 2313-1 at 11, PSR ¶ 23. *See United States v. Nimerfroh*, 716 Fed. Appx. 311, 316 (5th Cir. 2018) (collecting cases finding "the importation enhancement warranted where the PSR clearly stated that the drugs at issue were imported from Mexico"); *United States v. Castillo-Curiel*, 579 Fed. Appx. 239, 239 (5th Cir. 2014) (affirming enhancement because the PSR detailed the methamphetamine was associated with Mexican drug cartels and sources of supply received load in Mexico and

coordinated trafficking routes within the United States); *but see Nimerfroh,* 716 Fed. Appx. at 316 (overruling Section 2D1.1(b)(5) enhancement where the PSR lacked any discussion of importation aside from the defendant's mention that he was dealing with an unspecified "cartel," which "sa[id] nothing about where the cartel's activities took place nor does it speak to where the methamphetamine came from and whether it was imported").  The PSR also refutes Mueller's assertion that he was in jail during those sales, as records indicate he was released in January 2015.  Crim. Doc. 2313-1 at 20-21, PSR ¶¶ 54-55.

      As outlined, the PSR clearly bore sufficient indicia of reliability to permit the district court to rely on it at sentencing, and absent any rebuttal evidence, the district court reliance on it was proper.  *United States v. Gracia,* 983 F.2d 625, 629-30 (5th Cir. 1993).  Mueller has failed to offer any evidence that the information relied upon in the PSR was unreliable or inaccurate.  Nor has he even suggested what rebuttal evidence counsel could have offered in support of an objection to the section 2D1.1(b)(5) importation enhancement.  Without such, any objection by counsel would have been futile.  Counsel cannot be deemed ineffective for failing to make a futile objection.  *See United States v. Preston*, 209 F.3d 783, 785 (5th Cir. 2000) ("[F]ailure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness." (quotations and quoted case omitted)); *United States v. Lewis,* 467 F. App'x 298, 299 (5th Cir. 2012) (per curiam) (holding the same as to meritless guideline objection).  Consequently, Mueller has failed to demonstrate counsel's deficient performance, nor has he established prejudice.

### III.   CONCLUSION

Mueller's Section 2255 Motion should be **DENIED,** and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED**, January 10, 2019.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).